IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**Sealed**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:13CR204 |
| § | Judge Crone |
| RAYMOND MATA QUINONES, JR. (1) § | |
| DONALD CLINT FUGITT (2) § | FILED |
| BRIAN JONTE CHINN (3) § | U.S. DISTRICT COURT |
| MICHAEL JAMES CHANCELLOR (4) § | EASTERN DISTRICT OF TEXAS |
| | AUG 15 2013 |
| **INDICTMENT** | DAVID J. MALAND, CLERK |
| | BY |
| THE UNITED STATES GRAND JURY CHARGES: | DEPUTY |

## Count One

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Marijuana)

That from sometime in or about January 2008, and continuously thereafter up to and including August 14, 2013, in the Eastern District of Texas and elsewhere,

**Raymond Mata Quinones, Jr.
Donald Clint Fugitt
Brian Jonte Chinn
Michael James Chancellor**

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

## Count Two

Violation: 21 U.S.C. § 848(a)<br>(Continuing Criminal Enterprise)

That from sometime in or about January 2008, and continuously thereafter up to and including August 14, 2013, in the Eastern District of Texas and elsewhere,

**Raymond Mata Quinones, Jr.**
**Michael James Chancellor**

defendants herein, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated 21 U.S.C. § 846 which violation includes, but is not limited to, the substantive violation alleged in Count One of this Indictment, to wit: Conspiracy to Possess with the Intent to Distribute Marijuana, and which violation was part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801, et seq., undertaken in concert with at least five other persons of which **Raymond Mata Quinones, Jr.** and **Michael James Chancellor** occupied a position of organizer, supervisor, or any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

In violation of 21 U.S.C. § 848(a).

## Count Three

              Violation: 18 U.S.C. § 924(c)
              (Possession of a Firearm in Furtherance
              of a Drug Trafficking Crime)

  On or about August 7, 2012, within the Eastern District of Texas, **Donald Clint Fugitt**, defendant, did knowingly possess firearms, namely, an Olympic Arms K23 AR-15, .223 caliber pistol, serial number TB1925, Cobra, 9mm pistol, serial number CTO18839 and a Glock, .40 caliber semi-automatic pistol, serial number HHL03B, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession of marijuana.

  In violation of 18 U.S.C. § 924(c).

## Count Four

              Violation: 18 U.S.C. § 924(c)
              (Possession of a Firearm in Furtherance
              of a Drug Trafficking Crime)

  On or about August 7, 2012, within the Eastern District of Texas, **Brian Jonte Chinn**, defendant, did knowingly possess firearms, namely, an Olympic Arms K23 AR-15, .223 caliber pistol, serial number TB1925, Cobra, 9mm pistol, serial number CTO18839, and a Glock, .40 caliber semi-automatic pistol, serial number HHL03B in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession of marijuana.

  In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 846, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to:

Olympic Arms K23 AR-15, .223 caliber pistol, serial number TB1925;

Cobra, 9mm pistol, serial number CTO18839;

Glock, .40 caliber semi-automatic pistol, serial number HHL03B;

94 boxes of 7.62 caliber ammunition;

1 box of .357 caliber ammunition;

Assorted ammunition;

15 rifle magazines; and

13 pistol magazines.

A TRUE BILL

*Sw*
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

ERNEST GONZALEZ
Assistant United States Attorney

8-14-13
Date

IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:13CR |
| | § | Judge |
| RAYMOND MATA QUINONES, JR. (1) | § | |
| DONALD CLINT FUGITT (2) | § | |
| BRIAN JONTE CHINN (3) | § | |
| MICHAEL JAMES CHANCELLOR (4) | § | |

## Count One

Violation:   21 U.S.C. § 846

Penalty:   If 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana -- not less than 10 years and not more that life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least five years.

Special Assessment: $100.00

## Count Two

Violation:   21 U.S.C. § 848(a)

Penalty:   Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, a fine not to exceed $2 million, or both; supervised release of at least eight years;

If any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, a fine not to exceed $4 million, or both; supervised release of at least ten years.

Special Assessment: $100.00

## Counts Three-Four

Violation:     18 U.S.C. § 924(c)

Penalty:      Imprisonment for not more than 5 years to be served consecutive with any other term; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment:  $100.00