# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § <br> DONALD CLINT FUGITT § <br> § <br> § <br> § <br> § | Case No. 4:13-cr-00204 <br> Judge Mazzant |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #200). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion should be **DENIED**.

### BACKGROUND

Defendant pleaded guilty to a charge of Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. On June 29, 2015, Defendant was sentenced to 210 months' imprisonment (Dkt. #124). After being granted a reduction, an amended judgment was entered that sentenced Defendant to 140 months' imprisonment (Dkt. #163). Defendant is serving his sentence at FMC Fort Worth. BOP currently projects Defendant's release date to be February 29, 2024.

### LEGAL STANDARD

**I.    18 U.S.C. § 3582(c)(1)(A)**

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred

to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.) § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age

of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id*. at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

## II. Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants

5

the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons"

applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### III.     18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
>
> (5) any pertinent [Sentencing Commission] policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

7

*Id.* § 3553(a).

## ANALYSIS

Defendant presents four arguments in support of his motion for a sentence reduction. First, Defendant asserts that the COVID-19 pandemic, combined with his underlying health conditions, constitutes an extraordinary and compelling reason to grant a sentence reduction. Second, Defendant argues that his sentence is "unusually long" and that this is an additional extraordinary and compelling reason to reduce his sentence. Third, he argues that, because societal attitudes have changed towards marijuana, the Court should also reduce his sentence. And lastly, Defendant argues his record of rehabilitation supports his sentence reduction. The Government opposes all grounds asserted by Defendant. Although Defendant has met § 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that extraordinary and compelling reasons exist warranting a reduction of his sentence. Thus, Defendant's motion is denied.

**I.   Defendant Has Met § 3582(c)(1)(A)'s Exhaustion Requirement.**

The Court may only consider Defendant's motion for a sentence reduction if he first meets § 3582(c)(1)(A)'s exhaustion requirement. Courts may not consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Fully exhausting administrative remedies requires a denial by the warden of a defendant's facility or waiting thirty days without receiving a response to a request, whichever is earlier.[4] *Id.*

Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that

---

[4] BOP regulations define "warden" to include "the chief executive officer of . . . any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . ."); *United States v. Reeves*, No. 3:18-CR-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."). If a defendant has not sought relief from the BOP, or has not waited thirty days since seeking relief, the Court may not consider his motion.

On April 8, 2022, Defendant's counsel submitted a request for Defendant's compassionate release to the warden at FMC Forth Worth on the same four grounds mentioned above (Dkt. #206, Exhibit 2 at pp. 3–5). The warden denied Defendant's request on April 20, 2022 (Dkt. #206, Exhibit 2 at p. 2). Thus, Defendant has met § 3582(c)(1)(A)'s exhaustion requirement. However, Defendant's motion nevertheless fails because he has not established "extraordinary and compelling" reasons for early release.

**II.   Defendant Has Not Met § 3582(c)(1)(A)'s Requirement that "Extraordinary and Compelling Reasons" Warrant a Reduction in His Sentence.**

**A. Defendant's Health Conditions Do Not Constitute Extraordinary and Compelling Reasons.**

Defendant's motion turns on his assertion that his health conditions, coupled with the health risks associated with COVID-19, constitute extraordinary and compelling reasons to reduce his sentence. Defendant's assertion fails because he has not presented sufficient evidence demonstrating his health conditions are "extraordinary and compelling reasons" as set out under § 3582(c)(1)(A)(i).

Defendant's alleged medical conditions and related COVID-19 concerns do not fall within the first category of "extraordinary and compelling reasons" identified within the Sentencing Commission's guidelines. Section 1B1.13's application note 1 provides the following two

circumstances under which a defendant's medical condition may warrant a sentence reduction:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
> 
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13 cmt. n.1(A). Thus, the mere existence of COVID-19 in society cannot independently justify a sentence reduction. *See United States v. Miller*, No. 2:17-CR-00015, 2020 WL 2514887, *2 (N.D. Tex. May 15, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Vasquez*, No. CR 2:18-1282, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.").

Nevertheless, Defendant argues he is entitled to compassionate release because he suffers from two lung-related defects that place him at higher risk of complications associated with COVID-19 (Dkt. #200 at p. 24). Specifically, he claims to have a birth defect in one lung that caused it to be smaller than the other, and he further alleges that he injured his second lung in a car accident which has caused him trouble breathing (Dkt. #200 at p. 24). However, as the Government notes, Defendant has failed to provide the Court with any evidence that he suffers from either of these conditions.

For instance, there are no medical records to support Defendant's assertion that he has a

birth defect. Indeed, the only information regarding this defect was provided in an unsworn letter from Defendant's mother where she states that Defendant learned he had a birth defect when he went to the hospital for the car accident noted above. But Defendant provided the Court with the relevant medical records from that hospital visit, and nowhere in the report is there any indication that Defendant suffers from a birth defect. *See* (Dkt. #200, Exhibit 5). In fact, the report plainly states that Defendant has no past medical history (Dkt. #200, Exhibit 5 at p. 2). The Government, meanwhile, provided extensive medical reports from Defendant's term of imprisonment, and those records are completely devoid of any mention of a lung defect either by a doctor or Defendant himself. Similarly, there is nothing to substantiate Defendant's claim that he still deals with complications from the lung injury he sustained during the car accident. The hospital records after the incident indicated that Defendant would heal (Dkt. #200, Exhibit 5), and the Government's medical records appear to show that is exactly what happened. Defendant has been observed multiple times during his confinement, and repeatedly, doctors have found that his lungs suffer from no issues. *See* (Dkt. #206). Specifically, doctors have found that Defendant's lungs are "clear" and there is no indication of any problems with them. *See, e.g.*, (Dkt. #207 at p. 152). Given that Defendant has provided zero evidence to support his alleged lung diagnoses—let alone that the Government has clearly rebutted these assertions—the Court finds that Defendant has failed to meet his burden of demonstrating extraordinary and compelling reasons for his release. *See United States v. Bozeman*, No. CR 14-154, 2020 WL 5819852, at *2 (E.D. La. Sept. 30, 2020) ("Defendant has failed to provide any evidence of the existence or severity of his hypertension; therefore, Defendant has failed to meet his burden, and his motion for compassionate release must be denied."); *United States v. Soliz*, No. CR 2:16-190-3, 2020 WL 2500127, at *2 (S.D. Tex. May 14, 2020) (denying motion for compassionate release and noting "Defendant has offered no

11

supporting medical records and has failed to even identify what serious medical conditions make him particularly vulnerable . . . should he contract COVID-19").

Additionally, Defendant's records also indicate that he has been fully vaccinated against COVID-19 and that he has received a vaccination booster (Dkt. #207 at p. 50), which limits his eligibility for compassionate release. *See, e.g.*, *United States v. Terry*, No. 4:16-CR-101, 2021 WL 4226053, at *5 (E.D. Tex. Sept. 15, 2021) ("In the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who have been vaccinated for COVID-19"); *United States v. Smith*, 1:17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (noting that, "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)").

Further, Defendant has not presented evidence that shows FMC Fort Worth is ineffectively controlling the spread of COVID-19. At present, FMC Fort Worth reports zero active cases among inmates and one active case among staff. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited February 17, 2023). The BOP website also highlights that the agency has taken a comprehensive approach that includes regular screening and testing in response to the COVID-19 pandemic.

In short, Defendant fails to prove that he has any conditions that are "extraordinary and compelling" under the § 3582(c)(1)(A)(i) framework. *See United States v. Stowe*, No. 4:11-CR-00803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstance meeting the test for compassionate release"). When combining this failure with the fact that Defendant is vaccinated, and that FMC Fort Worth is not particularly vulnerable to COVID-19 cases, the Court finds that Defendant has

not shown extraordinary and compelling reasons for his compassionate release.

### B. Defendant's Sentence Does Not Constitute an "Extraordinary and Compelling" Reason.

Defendant also argues that the length of his sentence constitutes an "extraordinary and compelling reason" to reduce his sentence (Dkt. #200 at p. 25). This argument fails because the Court is unpersuaded that there is anything extraordinary or compelling about Defendant's sentence, which was within the applicable guideline range when he was sentenced and has already been reduced previously.

In the wake of the First Step Act, courts have indicated "that unusually long sentences by today's standards could support an 'extraordinary and compelling' reason to reduce a sentence." *See, e.g. United States v. Vigneau*, 473 F. Supp. 3d 31, 36 (D.R.I. 2020). Indeed, the First Step Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

But Defendant was not sentenced under provisions that were affected by the First Step Act and he does not assert that there has been any intervening change in the law. Defendant was sentenced for Conspiracy to Possess with the Intent to Distribute Marijuana, in violation of 18 U.S.C. § 846, which was not impacted by any provisions of the First Step Act. Furthermore, the Court notes that Defendant's sentence has already been reduced in this case from an original sentence of 210 months to 140 months (Dkt. #163). And it bears mentioning that Defendant's original sentence was already on the lowest end of the Sentencing Guidelines' applicable range—as the Court sentenced Defendant to 210 months when the applicable guideline range was 210–262 months (Dkt. #125 at p. 1). Accordingly, the Court does not believe Defendant's sentence is uncharacteristically extreme, and it does not warrant an extraordinary and compelling reason for his compassionate release.

Ultimately, the Court has limited authority to reduce Defendant's sentence, and it finds no "extraordinary and compelling" reason to do so here. Indeed, under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. The length of Defendant's sentence is far from an extraordinary and compelling reason to do so. Thus, this ground is insufficient for Defendant's compassionate release.

### C. The Fact Societal Attitudes Have Changed Towards Marijuana Does Not Constitute Extraordinary and Compelling Reasons.

Defendant also proffers that, since societal attitudes have changed towards marijuana, this also presents an extraordinary and compelling reason for his sentence to be reduced. This argument is without merit. Defendant was not sentenced in the 1970s or 1980s when attitudes towards drugs were more inflamed. He was sentenced in 2015, and at that time, twenty-seven states and the District of Columbia had either legalized marijuana in some form or decriminalized it. Chris Boyette and Jacque Wilson, *It's 2015: Is Weed Legal in Your State?*, CNN (Jan. 7, 2015, 8:09 a.m.), https://www.cnn.com/2015/01/07/us/recreational-marijuana-laws/index.html; *see also* Shima Baradaran, *Drugs on Violence*, 88 S. CAL. L. REV. 227, 252 (2015) (citations omitted) ("Twenty-three states have legalized medical marijuana, and four states plus the District of Columbia have decriminalized marijuana for recreational purposes for those over twenty-one years of age."). To be sure, other states have modified their laws relating to marijuana in recent years. But the public's relaxed view of marijuana is not of recent vintage. Furthermore, marijuana is still criminalized on the federal level. *See generally* 21 U.S.C. § 812 (listing marijuana as a controlled

substance). As such, Defendant's argument is unpersuasive—the "changing" of societal norms towards marijuana has neither been extraordinary nor compelling in recent years.

In addition, societal attitudes changing, in and of itself, is not extraordinary and compelling either. The public's view on social behaviors changes frequently—so the fact that society has a more laxed view of marijuana is not a persuasive reason to reduce Defendant's sentence. For the reasons above, the Court finds Defendant has not presented an adequate argument to support a reduction of his sentence.

### D. Rehabilitation Alone Cannot Provide Defendant with Extraordinary and Compelling Reasons for a Reduction in His Sentence.

Finally, Defendant highlights his rehabilitative efforts since he has been incarcerated, arguing that his rehabilitation supports a finding of extraordinary and compelling reasons. However, as Defendant acknowledges, rehabilitation alone cannot provide a basis for finding extraordinary and compelling reasons. *See Shkambi*, 993 F.3d at 392; *Brooker*, 976 F.3d at 237; *United States v. Hignight*, No. 4:14-CR-129(4), 2021 WL 5299249, at *6 (E.D. Tex. Nov. 12, 2021) (collecting cases). Since the Court disposed of Defendant's other arguments for extraordinary and compelling reasons, Defendant's rehabilitation here cannot be grounds for a reduction in his sentence. *See id.* Therefore, while the Court lauds Defendant for his achievements and his efforts towards building a more productive life, he has not presented an extraordinary and compelling reason for his compassionate release. As such, his motion is denied.

\*   \*   \*

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman*, 564 U.S. at 526 (citing 18 U.S.C. § 3582(c)); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive

requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Defendant has not met the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i), his motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #200) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 23rd day of February, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE